LEMMON, Judge,
dissenting and assigning reasons.
The legal issue in this appeal is whether an unconditional payment, as debtor, of part of the damages caused by a tort constitutes a tacit acknowledgment of the debt by the person in favor of whom prescription runs and serves to interrupt prescription. I vote in the affirmative. C.C. art. 3520, 3551.
The undisputed payment in this case by defendant’s liability insurer was five days after the insurer’s appraisal of the automobile damage caused by defendant’s tort, and this payment could not reasonably be construed as anything but an unconditional payment by a debtor of part of the debt.[1] If plaintiff had been holding a promissory note executed by defendant in the amount of the tort-caused damages, there would be no argument that payment on the note of the amount attributable to property damage interrupted prescription as to the entire note. I see no valid basis for distinction, for purposes of interruption of prescription, between payment on a liquidated debt and payment on an unliquidated debt.[2] 2 Civil Law Translations — Aubry & Rau, Property, § 215, no. 304 (La.St.L.Inst.Trans.1966); 2 Planiol, Treatise on the Civil Law, § 665 et seq. (La.St.L.Inst.Trans.1959); 5 Civil Law Translations — Baudry-LaCantinerie & Tissier, Prescription, §§ 476, 527-535 (esp. 531), 647.
On the problem of evidence plaintiff’s amended petition alleged, among other things, interruption of prescription by payment of part of the damages. Defendant, while denying this allegation in its answer, admitted in answers to interrogatories that its insurer appraised and paid the automobile damage. While technically the record does not show that the answers to interrogatories were introduced into evidence, I would not affirm an otherwise incorrect judgment of dismissal on the basis of this technical deficiency. I would at worst remand to allow defendant to rebut this evidence.

. Obviously, the tortfeasor’s debt for the property damage could not exist separately from the debt for all of the tort-caused damages.

. There is a difference, perhaps, for purposes of determining whether payment constitutes an admission conclusive of liability, but that is not at issue in this appeal from a judgment maintaining an exception of prescription prior to trial on the merits.